UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORAH A TRUDEL, personal representative of the Estates of Yevgenyi A. Scherban and of Nadejda Nikitina,

    Plaintiff,

v.      Case No: 2:18-cv-4-FtM-29CM

VJACESLAV BONDAREV,

    Defendant.

## ORDER

This matter comes before the Court on review of the Complaint (Doc. #1) filed on January 2, 2018.[1] Subject-matter jurisdiction is premised on the presence of a diversity of citizenship between the parties. (Id., ¶¶ 3-4.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The Court is satisfied as to the amount in controversy.

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Plaintiff Deborah A. Trudel, a citizen of the State of Florida, has filed suit in her capacity as the personal representative of the estates of Yevgenyi A. Scherban and Nadejda Nikitina. (Doc. #1, ¶¶ 1, 3, 6-7.) Both Scherban and Nikitina were born in and were citizens of the Ukraine at the time of their deaths. Defendant is a national of the Czech Republic and permanently resides in the Czech Republic. (Id. at ¶¶ 2, 3.)

Diversity of citizenship exists if plaintiff and defendant are citizens of different States; a citizen of this State and a foreign state (not including permanent residents domiciled in the same State); citizens of different States where a citizen of a foreign state is an additional party; or if plaintiff is a foreign state and defendant is a citizen of a State. 28 U.S.C. § 1332(a). For purposes of determining diversity, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. 28 U.S.C. § 1332(c)(2). As currently pled, the Complaint was filed by a non-citizen against a non-citizen of the United States, which renders diversity incomplete. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580 n.2 (1999). See also Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 860 (11th Cir. 2000) ("It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides.").

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653. If plaintiff is able to show subject-matter jurisdiction, the issue of venue should also be addressed.[2]

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is **dismissed** for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order. If no amended pleading is filed, the case will be closed without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of January, 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

---

[2] There are no allegations in the Complaint relating to the Middle District of Florida, or more specifically, the Fort Myers Division. The accounts at issue were set up at SunTrust Bank in Boca Raton, doc. #1, ¶ 12, which is located in the Southern District of Florida.